## Smith v. Perry, Appellant.

*Contract—Acceptance of offer—Sale of stock—Failure to accept offer as made.*

Where an owner of stock of a corporation offers to sell it on certain terms, and the person to whom the offer is made, instead of accepting it according to its terms, tenders a qualified acceptance, the qualification of the acceptance renders the acceptance nothing more than a new offer, and if the seller does not accede to the variance of the terms, the parties do not arrive at an agreement which is binding upon either of them.

Argued Oct. 8, 1906. Appeal, No. 90, Oct. T., 1906, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1905, No. 1,831, on bill in equity in case of J. Ernest Smith v. Robert S. Perry. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Bill in equity for specific performance. Before MARTIN, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree of specific performance.

*Albert B. Weimer*, with him *Frederick M. Leonard*, for appellant.

*Ellis Ames Ballard*, for appellee.

OPINION BY PORTER, J., February 25, 1907:

This is a bill to enforce the specific performance of an alleged

contract by the defendant to sell and deliver to the plaintiff 200 shares of stock of the Fuller's Earth Company-General, a corporation of the state of Delaware. The answer conceded that, owing to the character of the stock and the relation of the parties to the corporation, the court had jurisdiction to decree a specific performance, if the alleged contract of sale had ever been made. The bill averred and the answer admitted that all the negotiations between the parties had been by a written correspondence, and that copies of all the letters relating thereto were printed as exhibits, with the bill. The only question upon which the parties were at issue and the learned judge of the court below called upon to pass, was whether the correspondence disclosed a contract, a definite proposition tendered by the defendant and accepted by the plaintiff without qualification. The learned judge of the court below held that the correspondence constituted a contract, and decreed that the defendant assign and deliver to the plaintiff the 200 shares of stock in question, and made perpetual a preliminary injunction restraining the defendant from disposing of the stock to any other party.

We have carefully considered the letters composing the correspondence and are unable to acquiesce in the conclusion of the court below that they constituted a contract. There were but 600 shares of the stock of the corporation outstanding, of which the plaintiff owned 200 shares, the defendant 200 shares and S. Rodmond Smith 200 shares. The corporation was indebted to each of said stockholders in the sum of $690.28, each stockholder holding a note for that amount, dated May 11, 1903, and payable on demand. The letter written by the defendant on November 10, 1904, so far as it is material to the consideration of this question, was merely a suggestion that the defendant was willing to consider a proposition to either sell his stock or buy all the stock of the corporation upon the basis that the party buying the stock should transfer the note of the company which he held, the same being split in two portions for that purpose, to the persons from whom he bought the stock, by indorsement of the notes, and that the purchaser should indorse all the notes of the company held by the sellers of the stock. This letter fixed no price for the stock, and was neither an offer to buy nor to sell, but was rather an invitation for an offer from the plaintiff. That the plaintiff so

considered it is evidenced by his letter of December 5, in which he states that he "would be glad to consider any proposition that you (the defendant) make me for my interest in the company;" and he again on December 20, 1904, writes, referring to the letter of November 10, "your suggestion of re-organizing the Fuller's Earth Company, in which you said you would consider taking over all the stock of the company, I am disposed at this time to sell my stock in the company, and if you still desire to make the purchase of the same we may come to a deal, if the price and terms of payment you offer are attractive." The defendant's letter, of January 3, 1905, merely adds, as an additional element for the basis of negotiations, the suggestion that in case he bought he would pledge both his personal stock and the stock purchased, "back of his personal obligation." The plaintiff in his letter of January 4, 1905 says: "I understand the basis on which you would sell or dispose of your interest, or buy my interest, in the Fuller's Earth Company, and the only thing that remains to be determined is the price you would sell or purchase for. If you would, therefore, name such price we should be able to come to an understanding at once." This letter was replied to by the defendant on January 6, 1905, and he then definitely states his understanding of the proposition on which he would be willing to buy or sell: "in case I sell my stock to you I would receive from you a transfer of a note of the Fuller's Earth Co., one-half the amount they owe you, and your personal indorsement of the note I hold for the amount the Fuller's Earth Company now owe me, a total of about $1500.00, which in such case you would have guaranteed the payment of to me by the Fuller's Earth Company, within a reasonable length of time, or the Fuller's Earth Company, failing to pay, you would as guarantor take up the obligation, and hold the same against the Fuller's Earth Company." The plaintiff replied to this letter on January 9, 1905, stating that he now understood the proposition and would advise the defendant in the course of a few days. The plaintiff again wrote, on February 9, 1905, and this letter states his understanding of the offer of the defendant to buy or sell, and the price and terms; viz: "1. A note of the company for one-half the amount due to the seller (purchaser) by the Fuller's Earth Company, indorsed by the seller (purchaser), to be de-

livered. · 2. The note of the Fuller's Earth Company now held by the purchaser (seller) to be indorsed by the seller (purchaser). 3. The notes to be for five years and the interest and principal to be paid by the Fuller's Earth Company, and on its failure, by the indorser." It may here be observed that the plaintiff in thus stating his understanding of the formal proposition referred to the purchaser as the seller and the seller as the purchaser, but it was conceded in the court below and upon argument here that no person was misled by this mistake, and that the parties understood that it was the purchaser who was to indorse and deliver the notes to the seller. The defendant in his reply to this letter, on February 24, 1905, said that the plaintiff had, in the above letter, "stated the proposition very clearly; but added that in case the plaintiff elected to buy, he, the defendant, would not care to sell unless the plaintiff also purchased the interest of Major Smith. We have here, in the plaintiff's letter of February 9, and the reply of the defendant on the twenty-fourth of the same month, a definite written statement of the terms and conditions upon which the defendant offered to sell his stock or buy that of the plaintiff. The plaintiff, on February 28, 1905, wrote to the defendant: "I have your favor of the 24th inst., and accept your proposition to sell your stock and Major Smith's stock interest in the Fuller's Earth Company-General, in accordance with your proposition and agreement. To complete the matter therefore, enclosed please find, 1. The Fuller's Earth Company-General's note to your order for $690.28, dated March 1, 1905, payable in five years after date, with interest, indorsed by J. E. Smith. 2. The Fuller's Earth Company-General's note to J. E. Smith's order $345.14, dated March 1st, 1905, payable in five years after date, with interest, indorsed by J. E. Smith. 3. Check of the Fuller's Earth Company-General for $74.41 to your order, being one year, nine months and seventeen days interest, at 6%, on the personal note you hold against the company for $690.28, dated May 11th, 1903." The letter then refers to two notes and a check, for like amounts respectively, payable to the order of or indorsed to S. R. Smith, being given for the alleged purchase of the stock of Major Smith, and then continues: "You will please send me, therefore, your stock certificates for $20,000.00, and the note of the Ful-

ler's Earth Company-General for $690.28, dated May 11th, 1903, and also Major Smith's stock certificates for $20,000.00 with the note of the company to him for $690.28, dated May 11th, 1903. . . .  This, I take it, will complete the purchase and sale, in accordance with our agreement."  The notes and checks referred to were inclosed in the letter.  The defendant replied on March 1, 1905, acknowledging the receipt of this letter, and the various notes and checks referred to, and saying : " I have this day written Major Smith, drawing his attention to certain discrepancies between the consideration you tender and the agreed upon proposition, and I am holding the whole matter in abeyance until I hear from him, when he will either accept your considerations and transfer the stock to you, or will return your tender and state the reasons."  The plaintiff replied to this letter, on March 2, 1905, saying : " My acceptance was of your proposition as made, and I thought I met the same in my payments to you in my letter of the 28th ult.  The payment is a matter of detail, your proposition and my acceptance therefore was definite and conclusive."  The defendant wrote the plaintiff, on March 16, 1905, stating that the notes tendered in the communication of February 28, did not conform to the terms of the proposition of the ninth of the same month, and withdrawing all propositions made on behalf of himself and Major Smith, and with the letter returned the notes in question.

When the defendant wrote the plaintiff, on March 1, 1905, that there were discrepancies between the proposition and the acceptance thereof by the plaintiff and that he, the defendant, was holding the whole matter in abeyance until he could hear from Major Smith, this was notice to the plaintiff that the defendant did not consider the acceptance as having been made in accordance with the terms of the offer.  The letter written by the plaintiff on March 2, amounts to nothing more than a declaration that he had complied with the terms of the offer to sell, as he understood those terms.  The whole case depends upon whether the plaintiff's letter of February 28, 1905, was an unconditional acceptance of the offer to sell as made by the defendant.  The definite question is, did the plaintiff unconditionally accept that part of the offer which required that: " 2. The note of the Fuller's Earth Company now held by the

seller to be indorsed by the purchaser." The argument of the learned counsel for the plaintiff that the first paragraph of the letter written by the plaintiff on February 28, was an absolute and unconditional acceptance of the proposition of the defendant, and that all of the letter which follows, stating the manner in which the plaintiff proposed to comply with the terms of his acceptance, and that this constituted a performance of his contract as he understood its terms, must for the purposes of this case be considered as mere surplusage, is not well founded. That letter did not constitute an engagement to do anything by way of performance further than what the plaintiff then tendered. Had the defendant returned the new note which it was proposed to substitute for the demand note which he then held, he could not have upon that letter founded an action for damages for breach of an agreement on the part of plaintiff to indorse the demand note of May 11, 1903, for the plaintiff had in that letter clearly indicated that he did not intend to indorse the demand note nor agree to do so, but, on the contrary, he expressly demanded that the defendant should surrender the demand note of the Fuller's Earth Company.

The acceptance by the plaintiff complied with all the terms of the offer made by the defendant, except as to what should be done with regard to the note of the Fuller's Earth Company for $690.28, dated May 11, 1903, payable on demand, and then held by the defendant. There can be no doubt as to what the terms of the offer required to be done with regard to that particular note; the defendant had in his letter of January 6, 1905, written, with respect to that particular branch of the offer, his explicit demand, " and your personal indorsement of the note I hold for the amount the Fuller's Earth Company now owe me ; " and the plaintiff had in his letter of February 9, 1905, clearly stated his understanding of that branch of the offer; viz : The note of the Fuller's Earth Company now held by the purchaser (seller) to be indorsed by the seller (purchaser)." The offer of the defendant clearly required that the plaintiff should, in case he elected to purchase, indorse the demand note of the Fuller's Earth Company then held by the defendant. The acceptance by the plaintiff as clearly required that the defendant should surrender that demand note and accept in the place thereof a new note of the Fuller's Earth Com-

pany, dated March 1, 1905, and payable five years after date. The effect of this acceptance was to extend for five years the payment by the Fuller's Earth Company of the debt which it owed to the defendant, which was then payable on demand. This was a radical departure from the terms of the offer to buy or sell, by the defendant, in which the correspondence had finally resulted. The plaintiff had not accepted according to the terms of the offer; his attempted acceptance amounted to nothing more than a new offer, which stood as much in need of acceptance, by the defendant, as that originally made by the latter; and hence, as the defendant did not accede to the variance of the terms, the parties never arrived at an agreement which was binding upon either: Hare on Contracts, 365.

The retention by the defendant of the check of the Fuller's Earth Company-General for $74.41, payable to the order of the defendant, did not constitute an acceptance of the new proposition made by the plaintiff. That check was, it is true, inclosed in the plaintiff's letter of February 28, but the plaintiff was not a party to that check, nor was it a payment made by him. The check was made by the Fuller's Earth Company-General, a corporation, payable directly to the defendant, and was given in payment of interest on a debt then owing by the corporation to the defendant. This was in no sense a part of the consideration to be paid by the plaintiff to the defendant for his stock, but was a payment by the corporation of its own debt. The first and second specifications of error are sustained.

The decree is reversed, and it is now decreed that the injunction be dissolved and the bill dismissed and that the plaintiff pay the costs in the court below and upon this appeal.